IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RITA HOPSON, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  15-1044-MLB |
| | ) | |
| RENEE CHAPIN and JANA READER | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case comes before the court on the following:

1) Magistrate Kenneth Gale's report and recommendation (Doc. 5) recommending dismissal pursuant to 28 U.S.C. § 1915(e)(2);

2) Plaintiff's objection (Doc. 7).

### I.  Standards

The standards this court must employ upon review of plaintiff's objection to the Recommendation and Report are clear.  See generally 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  First, only those portions of the Recommendation and Report plaintiff specifically identified as objectionable will be reviewed.  See Gettings v. McKune, 88 F. Supp. 2d 1205, 1211 (D. Kan. 2000).  Second, review of the identified portions is de novo.  Thus, the Recommendation and Report is given no presumptive weight.  See Griego v. Padilla, 64 F.3d 580, 583-84 (10th Cir. 1995).

### II.  Analysis

Plaintiff filed this action alleging defendants made slanderous and defamatory statements to Via Christi, her employer, which resulted in her termination.  Plaintiff and both defendants are Kansas

residents.

The magistrate held that plaintiff's claims did not invoke this court's jurisdiction and, therefore, recommended dismissal. In her objection, plaintiff requests that the court "not dismiss [her] case because one line was not completed." (Doc. 7). Presumably, plaintiff is referring to the magistrate's statement that the only line checked regarding jurisdiction was diversity. (Doc. 5 at 6). Plaintiff, however, does not offer any additional basis for jurisdiction in her objection.

Federal courts are courts of limited jurisdiction. In an action which does not involve a federal question, such as this one, both parties must be citizens of different states. 28 U.S.C. § 1332. All parties in this case are Kansas citizens. Therefore, this court does not have subject matter jurisdiction over this action and it must be dismissed. Laughlin v. KMART Corp., 50 F.3d 871, 873 (10th Cir. 1995).

## III. Conclusion

Plaintiff's objection to Magistrate Judge Gale's Order are OVERRULED (Doc. 7) and the court adopts the report and recommendation in its entirety. (Doc. 5). This action is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

IT IS SO ORDERED.

Dated this __31st__ day of March 2015, at Wichita, Kansas.

                                       s/ Monti Belot
                                       Monti L. Belot
                                       UNITED STATES DISTRICT JUDGE